A. GOUHENANT V. A. BRISBANE.

It is not incumbent on the plaintiff to reply, and traverse the averments of the answer, setting up new matter.

Appeal from Dallas. Tried below before the Hon. Nat. M. Burford.

Suit by appellee against appellant on a mortgage, praying judgment for the amount secured, $500, and a sale of the land to pay it. General demurrer, general denial, and plea of payment; amended answer that since the mortgage sued on, defendant executed and delivered to the plaintiff his promissory note in satisfaction of said mortgage, which note said plaintiff now holds. Further amendment under oath, that the mortgage was given for money, that defendant had only got $500 from plaintiff, and that plaintiff has defendant's note for two hundred; and prayer that plaintiff be required to produce said note before judgment of foreclosure of the mortgage. A jury was waived, and the cause submitted to the Court. The only evidence before the Court· was the mortgage and some corroborating evidence by plaintiff.

*J. M. Crockett*, for appellant.

*J. J. Good*, for appellee.

WHEELER, J. The mortgage afforded evidence of the fact and amount of the defendant's indebtedness. But the averment in the answer, that the plaintiff held the defendant's note for a part of the sum secured by the mortgage was wholly unsupported by proof. It was not incumbent on the plaintiff to

reply, and traverse the averments of the answer. It devolved on the defendant to prove them. He might have compelled the plaintiff to confess, or deny the fact, by propounding interrogatories to him; but the plaintiff was not obliged to respond to a mere averment of fact in the answer, though supported by affidavit. There manifestly is no error in the judgment, and it is affirmed.

Judgment affirmed.